UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE EDWARD PAYNE JR.,

    Petitioner,

                                        CASE NO. 2:25-CV-11163
v.                              HON. JONATHAN J.C. GREY

ERIC RARDIN,

    Respondent.
_____/

**<u>OPINION AND ORDER OF SUMMARY DISMISSAL</u>**

**I.    INTRODUCTION**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2241. Federal prisoner Bruce Edward Payne Jr., currently confined at the Federal Correctional Institution in Milan, Michigan, challenges a determination by the federal Bureau of Prisons ("BOP") that he is ineligible to earn credits toward his federal sentence under the First Step Act ("FSA"). (ECF No. 1.) Payne pleaded guilty to one count of possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) in the United States District Court for the

1

Southern District of Ohio. He was sentenced to 132 months in prison with 3 years of supervised release. *See United States v. Payne*, No. 3:20-cr-00012 (S.D. Ohio June 12, 2020), ECF No. 41, PageID.138–140 (Judgment of Sentence). He has a current projected release date of January 17, 2030. *See* BOP Inmate Locater, https://www.bop.gov/inmateloc/ (accessed May 8, 2025).

## II. LEGAL STANDARD

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, a court determines that the petitioner is not entitled to relief, the court

must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-437 (6th Cir. 1999). After undertaking such review, the Court concludes that the habeas petition must be denied and dismissed with prejudice.

### III. ANALYSIS

Payne challenges the BOP's determination that he is ineligible to receive credit toward his federal sentence under the FSA. (ECF No. 1, PageID.1–9.) The BOP found him ineligible to receive FSA credits due to his offense of conviction. Payne has exhausted his administrative remedies within the BOP for this claim. (*Id*. at PageID.10–16.)

Under the FSA, prisoners who successfully participate in recidivism-reduction programs are entitled to receive credit toward early release or pre-release custody. *See* 18 U.S.C. §§ 3624(g),

3632(d)(4). Certain categories of prisoners, however, are categorically ineligible to receive those credits due to their offense of conviction. *See* 18 U.S.C. § 3632(d)(4)(D). As relevant to this case, a prisoner is ineligible to receive such credits if he or she is "serving a sentence for a conviction under …

> (lxvi) Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

18 U.S.C.A. § 3632 (d)(4)(D)(lxvi).

Payne was convicted of possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(vi). Thus, given the clear language of 18 U.S.C. § 3632(d)(4)(D)(lxvi) (specifically, a conviction for violation of 21 U.S.C. § (b)(1)(B)(vi)), he is ineligible to receive FSA credits.

Based upon his administrative appeals (attached to his habeas

petition), Payne seems to believe that the BOP is improperly deeming him ineligible to receive FSA credits because there is no evidence that he was the leader or organizer of the crime. That could be true if Payne's ineligibility was based on 18 U.S.C. § 3632(d)(4)(D)(lxviii), which requires that a prisoner convicted of an offense involving a lesser amount of fentanyl also have leadership role to be deemed ineligible to earn FSA credits. Payne, however, is ineligible for FSA credits based on 18 U.S.C. § 3632(d)(4)(D)(lxvi), which only requires a conviction for possession with intent to distribute 40 grams or more of a substance containing fentanyl. Payne thus fails to show that the BOP erred in deeming him ineligible to receive credits toward his federal sentence under the FSA. *See, e.g., Gonzalez v. Eischen,* No. 24-CV-3740 (LMP/LIB), 2024 WL 4884485 at *1 (D. Minn. Oct. 17, 2024) (denying similar habeas petition), R & R adopted, 2024 WL 4882737 (D. Minn. Nov. 25, 2024); *Stewart v. Eischen*, No. 24-CV-3432 (ECT/LIB), 2024 WL 4507682 at **1–2 (D. Minn. Sept. 9, 2024) (R & R discussing the two ineligibility provisions and denying similar habeas petition); *see also Perry v. United States*, No. 1:19-CR-00088-JAW-1, 2024 WL

4608851 at *4 (D. Me. Oct. 29, 2024) (discussing the difference between the two provisions), R & R adopted, 2025 WL 260086 (D. Me. Jan. 22, 2025). Habeas relief is not warranted.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Payne is not entitled to federal habeas relief. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Lastly, a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Payne need not request one from this Court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision. This case is **CLOSED**.

**SO ORDERED.**

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
United States District Judge

Dated: July 18, 2025

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 18, 2025.

                          **s/ S. Osorio**
                          Sandra Osorio
                          Case Manager